# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Crim. No. 00-0050 (TFH) |
| ) | |
| ANTOWAN THORNE, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is defendant Antowan Thorne's Motion to Correct Sentence and for Collateral Review, [ECF No. 64] ("Def. Mot"). After careful consideration of the motion, the related legal memoranda in support and in opposition, and the entire record of this case, this Court now **DENIES** defendant's motion. An appropriate Order will accompany this Opinion.

### I. Background

On September 15, 2000, Antowan Thorne pled guilty to unlawful possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii) (Count One) and unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). On May 1, 2001, this Court sentenced him to 80 months' incarceration for each count, to be served concurrently. [ECF No. 36]. Defendant was also sentenced to four years of supervised release on Count One and three years of supervised release on Count Three, to be served concurrently. Defendant's supervised release began on April 6, 2006.

In October of 2006, defendant was arrested and for conspiracy to obstruct justice in violation of 22 D.C. Code §§ 1805a and 722(a)(2)(A). According to the indictment filed in the Superior Court for the District of Columbia, defendant conspired to intimidate or harm government witnesses

testifying in the murder prosecution of Thorne's cousin, George Phillip Foreman III. Defendant was convicted on a plea of guilty in November or 2007. Pursuant to his plea agreement, Mr. Thorne was sentenced in Superior Court to 36 months in prison. Mr. Thorne's conviction represented a violation of the terms of his supervised release, specifically, that he not commit any federal, state, or local offenses. This Court found that defendant had committed a Class A violation of his supervised release, as defined in U.S.S.G. § 4B1.2(a), because Mr. Thorne's violation was a crime of violence punishable by more than one year in prison. Mr. Thorne had a criminal history category of III, resulting in a Guidelines range of 30-37 months. *See* U.S.S.G. § 7B1.4(1)(2). Taking into account the Guidelines and the record of this case, this Court sentenced Defendant to 30 months of imprisonment consecutive the term of imprisonment he was then serving in Superior Court. *See* [ECF No. 59].

Mr. Thorne appealed to the D.C. Circuit, arguing that his sentence was invalid on a number of grounds. *See* [ECF No. 58]. Defendant claimed that the sentence imposed for the violation of his supervised release breached his plea agreement in Superior Court and violated his right to Due Process. Appellant Brief, *United States v. Thorne*, 08-3109 (D.C. Cir. July 28, 2010) at 2-3, 17 [ECF No. 1257989]. Mr. Thorne also argued that this Court abused its discretion in sentencing him to 30 months in prison concurrent with his Superior Court sentence, *id.* at 7-8; that his sentence violated his Sixth Amendment right to a jury trial under *Booker*, *id.* at 8; that his sentence violated the Ex Post Facto Clause, *id.* at 9; that his sentence violated Double Jeopardy Clause, *id.* at 17-18; and that he is entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2), *id.* at 17. On January 12, 2013, the D.C. Circuit affirmed this Court's judgment in a brief per curium opinion. *United States v. Thorne*, 08-3109 (D.C. Cir. Jan 12, 2010) at 1-2.

Mr. Thorne filed this motion in September 2010, while his direct appeal was pending. As in his direct appeal, Mr. Thorne argues that his sentence violates the *Ex Post Facto* Clause, the Double Jeopardy Clause, his right to a jury trial, and was a breach of his Superior Court plea agreement. In

addition, defendant seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on a reduction of the Guidelines for offenses involving cocaine base.

## II. Discussion

### A. Standard of review

A person in federal custody can attack his sentence and claim a right of release by petitioning the sentencing court and requesting the sentence be vacated, set aside or corrected under 28 U.S.C. § 2255(a). The petitioner must show that the court lacked jurisdiction to impose the sentence or that the sentence is (1) "imposed in violation of the Constitution or laws of the United States," (2) "in excess of the maximum authorized by law" or (3) "otherwise subject to collateral attack." *Id.* Because "[r]elief under § 2255 is an extraordinary remedy[,] . . . 'a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *United States v. Zakas*, 793 F.Supp.2d 77, 80 (D.D.C. 2011) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). A defendant has the burden to prove a § 2255 claim by a preponderance of the evidence. *Winchester v. United States*, 477 F.Supp.2d 81, 83 (D.D.C.2007) (citing *United States v. Simpson*, 475 F.2d 934, 935 (D.C.Cir.1973)).

A district court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is required "[o]nly where the § 2255 motion raises detailed and specific factual allegations whose resolution requires information outside of the record or the judge's personal knowledge or recollection." *Moore v. United States*, 881 F. Supp. 2d 125, 136 (D.D.C. 2012) (quoting *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C.Cir.1992)). When the same judge who tried the case also considers the § 2255 motion, the decision whether to hold a hearing is committed to the district court's discretion. *United States v. Quattlebaum*, 933 F. Supp. 2d 208, 214 (D.D.C. 2013) (citing *United States v. Morrison*, 98 F.3d 619, 625 (D.C.Cir.1996)); *see also United States v. Sayan*, 968 F.2d 55, 66 (D.C. Cir. 1992). Because defendant's petition

raises no issues of fact, and because it is clear from his petition that he is not entitled to the relief he seeks, this Court declines to hold an evidentiary hearing.

### B. The D.C. Circuit has rejected the majority of defendant's arguments

"It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law." *Brodie v. United States*, 626 F. Supp. 2d 120, 122 (D.D.C. 2009) (quoting *United States v. Greene*, 834 F.2d 1067, 1070 (D.C.Cir.1987)). Defendant raises several of the same arguments—specifically, that his sentence violates the *Ex Post Facto* Clause, the Double Jeopardy Clause, his right to a jury trial, and was a breach of his Superior Court plea agreement—that were rejected by the D.C. Circuit.[1] Defendant cites no intervening change in law nor any other reason to depart from the rule that issues decided on direct appeal cannot be relitigated through a § 2255 motion. Therefore, this Court rejects defendant's arguments based on the *Ex Post Facto* Clause, the Double Jeopardy Clause, the Sixth Amendment, and an alleged breach of his Superior Court plea agreement. However, because the D.C. Circuit did not directly address defendant's argument that 18 U.S.C. § 3582(c)(2) entitles him to a reduced sentence, this Court will briefly do so now.

### C. Amendments to the Sentencing Guidelines relating cocaine base do not entitle defendant to a reduced sentence for violation of supervised release

Defendant, relying on 18 U.S.C. § 3582(c)(2), contends he is entitled to a reduction of his 30-month sentence for violating the terms of supervised release because the Sentencing Guidelines

---

[1] The D.C. Circuit found that defendant's sentence was "reasonable in view of the sentencing factors in 18 U.S.C. § 3553(a) the policy statements of the Sentencing Guidelines" and "consistent with the Sixth Amendment because the court did not treat the Guidelines as mandatory." *Thorne*, 08-3109 (D.C. Cir. Jan 12, 2010) at 1. There was no *Ex Post Facto* violation because "the Guidelines provisions defendant invoked as bases for the alleged violation do not . . . 'impose[] a punishment for an act which was not punishable at the time it was committed' or otherwise 'impose[] additional punishment to that then prescribed.'" *Id.* (quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1981)). In addition, the D.C. Circuit held defendant's the sentence was consistent with the Double Jeopardy Clause because it is "not a new punishment but was instead part of the punishment for the original conviction." *Thorne*, 08-3109 at 1 (citing *Johnson v. United States*, 529 U.S. 699-701 (2000)). Finally, the D.C. Circuit held that defendant had not shown that the government breached defendant's plea agreement in Superior Court. *Thorne*, 08-3109 at 1-2 (citing *United States v. Valdez-Sanchez*, 414 F. 3d 539, 542 (5th Cir. 2005).

regarding conspiracy to distribute cocaine base were reduced after he committed the original offense in 2000 but before he committed the violation of his supervised release in 2008. Def. Mot. at 1. Section 3582(c)(2) creates an exception to the general rule that a court may not modify an imposed sentence if the defendant meets two requirements. First, the defendant must have been sentenced "based on a sentencing range that has subsequently been lowered." *United States v. Berry*, 618 F.3d 13, 16 (D.C. Cir. 2010) (quoting 18 U.S.C. § 3582(c)(2). Second, a reduction in the defendant's sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id; see also* U.S.S.G. § 1B1.10 (codifying § 3582(c)(2)).

Defendant's argument is not supported by case law or the Guidelines. When a defendant is sentenced to a term of imprisonment for a violation of supervised release, the Court considers Chapter 7 of the Sentencing Guidelines. Any amendments to the Guidelines provisions governing the underlying offense are irrelevant at that stage in the proceedings. The commentary to the Guidelines is perfectly clear: "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, Application Note 5(A);[2] *see also United States v. Rivera*, 332 F. App'x 575, 576 (11th Cir. 2009) ("The commentary to the Guidelines thus explicitly provides that a defendant serving a term imposed upon revocation of supervised release is not eligible for § 3582(c)(2) relief."); *United States v. Cuff*, 338 F. App'x 161, 163 (3d Cir. 2009).

Even if amendments to the Guidelines for defendant's underlying offenses were relevant, defendant would still not be entitled to a reduction under § 3582(c)(2) because the amendments to the Guidelines affected only one of defendant's two counts of conviction. At the time that Mr. Thorne

---

[2] The commentary to U.S.S.G. § 1B1.10, is policy statement this Court is obligated to follow under § 3582(c)(2). *United States v. Morales*, 590 F.3d 1049, 1051 (9th Cir. 2010); *see also Dillon v. United States*, 560 U.S. 817, 821 (2010) (holding that § 3582(c)(2)'s requirement that sentence reductions be consistent with the Commission's policy statements does not implicate *Booker*).

committed the violation, he was serving a concurrent sentence of three years supervised release for unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The applicable Guidelines for § 992 have not been reduced since defendant committed the underlying offense, and in fact have been made more severe for certain violations. *Compare* U.S.S.G. § 2K2.1 (2000 ed.) *with* U.S.S.G. § 2K2.1 (2008 ed.). Defendant's violation of § 922(g)(1) is a Class A felony, and because defendant was found to have committed a Grade A violation of his supervised release and had a Criminal History Category of III, the applicable Guidelines range would have been 30-37 months whether or not defendant's prior drug conviction was taken into account at all. *See* U.S.S.G. § 7B1.4.

### III. Conclusion

For the reasons stated above, defendant's Motion to Correct Sentence and for Collateral Review, [ECF No. 64], is **DENIED**.

**SO ORDERED.**

September 4, 2014

Thomas F. Hogan
UNITED STATES DISTRICT JUDGE